IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| NATHANIEL HELLMAN, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | No. 1:23-cv-1436-DAE |
| AUSTIN, COMMUNITY | § | |
| COLLEGE DISTRICT, | § | |
| *Defendant*. | § | |
| | § | |

ORDER (1) ADOPTING IN PART REPORT AND RECOMMENDATION AND (2) GRANTING IN PART AND DENYING IN PART DEFENDANT'S <u>PARTIAL MOTION TO DISMISS</u>

Before the Court is the Report and Recommendation ("Recommendation") of U.S. Magistrate Judge Dustin M. Howell, filed on December 11, 2024 (Dkt. # 27), recommending that the Court grant in part and deny in part Defendant Austin Community College District's ("ACC" or "Defendant") Partial Motion to Dismiss Plaintiff Nathaniel Hellman's Amended Complaint ("Hellman" or "Plaintiff") (Dkt. # 12). Defendant filed an objection to the Recommendation on December 19, 2024 (Dkt. # 28). Plaintiff did not file a response to the objection.

The Court finds this matter suitable for disposition without a hearing. After conducting a de novo review of the objected-to portions of the Recommendation and reviewing the unobjected-to portions for clear error, the

1

Court **ADOPTS IN PART** and **REJECTS IN PART** the Recommendation. Accordingly, Defendant's Partial Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**.  (Dkt. # 12.)

BACKGROUND

The Court adopts in full the factual background as set forth in the Recommendation.  (Dkt. # 27 at 1–3.)

Plaintiff Nathaniel Hellman is a Black officer in the Austin Community College District Police Department ("the Department"), where he has worked since October 7, 2013.  In his complaint, Hellman brings three types of claims under Title VII of the Civil Rights Act of 1964 ("Title VII") based on conduct occurring between 2013 and 2023.  42 U.S.C. § 2000e, et seq.  Hellman's three actions are: 1) a race discrimination claim; 2) a retaliation claim; and 3) a hostile work environment claim.  Defendant filed two charges of discrimination with the EEOC: the first charge was filed on November 15, 2022, and the second charge was filed on May 1, 2023.  (Dkt. # 12 at 4.)

LEGAL STANDARD

I.   Review of Report and Recommendation

The Court must conduct a de novo review of any of the Magistrate Judge's conclusions to which a party has specifically objected.  See 28 U.S.C. § 636(b)(1)(C).  The objections must specifically identify those findings or

recommendations that the party wishes to have the district court consider. Thomas v. Arn, 474 U.S. 140, 151 (1985). A district court need not consider "[f]rivolous, conclusive, or general objections." Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Findings to which no specific objections are made do not require de novo review; the Court need only determine whether the Recommendation is clearly erroneous or contrary to law. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

II.      12(b)(6) Motion to Dismiss

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). The Supreme Court has explained that a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

"The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678 (internal quotations and citations omitted). Thus, although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations." Tuchman v. DSC Commc'ns Corp., 14 F.3d 1061, 1067 (5th Cir. 1994); see also Plotkin v. IP Axess Inc., 407 F.3d 690, 696 (5th Cir. 2005) ("We do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.").

In determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the factual information to which the court addresses its inquiry is limited to the (1) facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201. Walker v. Beaumont Indep. Sch. Dist., 938 F.3d 724, 735 (5th Cir. 2019).

III.   Administrative Exhaustion

Enacted to "assure equality of employment opportunities," Alexander v. Gardner-Denver Co., 415 U.S. 36, 44 (1974), Title VII makes it unlawful for an

employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a)(1).  Title VII has a separate antiretaliation provision which prohibits an employer from "discriminat[ing] against" an employee or job applicant because that individual "opposed any practice" made unlawful by Title VII or "made a charge, testified, assisted, or participated in" a Title VII proceeding or investigation.  42 U.S.C. § 2000e-3(a).

      Nevertheless, before filing a Title VII action in court, would-be plaintiffs must first exhaust administrative remedies through filing a charge with the EEOC, among other requirements.  42 U.S.C. § 2000e-5(e)(1), (f)(1); Fort Bend Cnty., Tex. v. Davis, 587 U.S. 541, 543-44 (2019).  Ordinarily, a complainant must file that charge within 180 days of the allegedly violative conduct.  42 U.S.C. § 2000e-5(e)(1).  However, where a complainant has "initially instituted proceedings with a State or local agency with authority to grant or seek relief from [an unlawful employment] practice or to institute criminal proceedings with respect thereto," a complainant may file an EEOC charge within 300 days of the alleged discriminatory conduct or within 30 days after receiving notice that the state or local agency has terminated their proceedings, whichever is earliest.  Id.

Accordingly, claims based on conduct occurring at least 300 days prior to the charge are typically barred.

The parties do not dispute that Hellman was required to file charges with the EEOC for each of his allegations within 300 days after the alleged discriminatory conduct. See Dkt. # 12, at 4 (applying a 300-day timely period to plaintiff's EEOC charge). Therefore, the Court will apply the 300-day period in this case. See Ikossi-Anastasiou v. Bd. of Supervisors of La. State Univ., 579 F.3d 546, 549 (5th Cir. 2009) (applying the 300-day statutory period where the parties did not dispute its applicability).

While acts occurring outside the timely period are typically barred, when a claim is based on a continuing pattern of harassment, rather than a discrete instance, the "continuing violation" doctrine may apply to extend the statute of limitations. See Stewart v. Miss. Transp. Comm'n, 586 F.3d 321, 328 (5th Cir. 2009). Plaintiffs alleging hostile work environment—as opposed to plaintiffs alleging discrete violations—are not limited to filing suit based on events within the statutory period because their claims are "'comprised of a series of separate acts that collectively constitute one unlawful employment practice.'" Id. (quoting Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 117 (2002) (internal quotation marks omitted)). Therefore, courts may consider the entire scope of the claim, including behavior outside the 300-day window "so long as an[y] act

6

contributing to that hostile environment takes place within the statutory [] period." Id. (quoting Morgan, 536 U.S. at 105) (alterations in original). To take advantage of the continuing-violation doctrine, plaintiffs must show (1) separate but related acts that (2) create a continuing violation. Id. Finally, in considering whether the continuing-violation doctrine applies, the Court must "'honor Title VII's remedial purpose without negating the particular purpose of the filing requirement.'" Id. (quoting Morgan, 536 U.S. at 121) (internal quotation marks omitted).

## DISCUSSION

### I.   Unobjected-to Portions of the Report and Recommendation

Judge Howell recommended dismissing several of Plaintiff's claims related to discrete acts of discrimination that occurred outside the timely period: the 2015 failure to hire Sergeant position claim, the 2020 failure to hire Lieutenant position claim, and the "steering away" from training claim. (Dkt. # 27 at 7.) Additionally, Judge Howell recommended denying Defendant's motion to dismiss the retaliation claim, for failure to state a claim. (Id. at 14.) Finally, Judge Howell recommended dismissing Plaintiff's hostile work environment claim on the basis that Plaintiff failed to plead sufficient facts supporting that the alleged harassment affected a term, condition, or privilege of his employment. (Dkt. # 27 at 20.) Neither party objected to these recommendations.

Because no objections were filed concerning these findings, the Court

has reviewed them for clear error and finds none. Accordingly, the Court **ADOPTS** these portions of the Recommendation as the opinion of the Court. Defendant's motion to dismiss as time-barred, as well as for a failure to exhaust administrative remedies, the above discrimination claims based on discrete acts of discrimination before January 19, 2022 is **GRANTED**. Defendant's motion to dismiss the retaliation claim is **DENIED.** Defendant's motion to dismiss the hostile work environment claim is **GRANTED.**

II.   Objections to the Report and Recommendation

It appears that the Magistrate Judge did not explicitly recommend dismissing Plaintiff's claims regarding discrete discriminatory acts occurring after May 1, 2023. (See Dkt. # 27 at 11). However, as Defendant notes in its objection, the Magistrate Judge failed to provide a reason why these claims should not be dismissed for a failure to exhaust administrative remedies. (See Dkt. # 28 at 2 ("Further, it was not clear why (and if) the Magistrate did not grant the motion to dismiss Plaintiff's discrete acts discrimination claims after the May 1, 2023, because they are outside the timely period."))

The alleged discrete acts of discrimination occurring after the May 1, 2023 EEOC charge was filed include:

- June 12, 2023: Plaintiff's request to stay on C-shift was denied. (Dkt. # 10 at ¶ 66.)
- June 22, 2023: Plaintiff was notified he would be coming off C-shift weeks earlier than rotation was supposed to end. (Id. at ¶ 68.)

8

- July of 2023: Plaintiff alleges he was denied training opportunities. (Id. at ¶ 70.)
- August 21, 2023: Plaintiff's C-shift rotation was moved up to an earlier date. (Id. at ¶ 71.)
- October 13, 2023: Plaintiff was not selected for a Sergeant position. (Id. at ¶ 77.)
- October 23, 2023: no response to request for recruiting team. (Id. at ¶ 79.)

Defendant argues that these claims that occurred after the second charge was filed in May 2023 could not have not been investigated by the EEOC and therefore must be dismissed for failure to exhaust his administrative remedies. However, the fact that an allegation in a plaintiff's complaint occurred subsequent to his EEOC charge does not necessarily show that the claim was not exhausted. A Court must still ascertain whether the claim is like or related to the charge and reasonably expected to grow out of an EEOC investigation based on that charge. Thierry v. Schlulmberger Limited, 2008 WL 11504084 (S.D. Texas, 2008).

The Fifth Circuit has held that in the "absence of evidence that EEOC was either constructively or actually aware of the later incidents, it [is] not reasonable to expect that the EEOC would have investigated those incidents." O'Neal v. Roadway Exp., 181 Fed. Appx. 417, 420 (5th Cir.2006) (per curiam).

Defendant argues that this case is analogous to an Eleventh Circuit case, Stuart v. Jefferson Cnty. Dep't of Human Res., 152 F. App'x 798, 801 (11th Cir. 2005), in which that court found an additional failure to promote claim that occurred after an EEOC charge to be outside the scope of the charge because

9

"there was nothing in the charge that would have put the employer on notice" of the subsequent failure to promote claim. Defendant contends that similarly, here, Plaintiff has added an additional failure to promote claim that occurred after the May 2023 charge, and that there is nothing in the amended complaint indicating the EEOC investigated these new claims. (Dkt. # 28 at 4.) Defendant therefore asks the Court to dismiss all of the above claims of discrete acts of discrimination that occurred after May 2023 for failure to exhaust administrative remedies. (Dkt. # 28 at 4–5). Because Plaintiff has provided no evidence that the EEOC investigated these claims, putting Defendant on notice of the new allegations, the Court finds that Plaintiff's discrimination claims based on discrete acts of alleged discrimination after May 2023 are **DISMISSED** for failure to exhaust administrative remedies.

III.   Leave to Amend

Courts should freely grant leave to amend when justice so requires. FED. R. CIV. P. 15(a)(2). Courts should deny leave to amend when amendment would cause undue delay or undue prejudice to the opposing party, or the amendment would be futile or in bad faith. Mayeaux v. La. Health Serv. & Indem. Co., 376 F.3d 420, 425 (5th Cir. 2004). An amendment is futile if it would fail to survive a Rule 12(b)(6) motion. Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n, 751 F.3d 368, 378 (5th Cir. 2014).

10

Plaintiff has not requested leave to amend and therefore has not provided notice of any additional facts it could allege to survive a 12(b)(6) motion. Further, the Court notes that Plaintiff has already amended his complaint once, after the filing of Defendant's first motion to dismiss, which the Court denied as moot. (See Dkts. ## 5, 10.) Accordingly, Plaintiff is not afforded leave to amend.

CONCLUSION

For the reasons above, the Court **ADOPTS IN PART** U.S. Magistrate Judge Dustin Howell's Report and Recommendation as the opinion of this Court. (Dkt. # 27.) The Court **REJECTS** the portion of the Recommendation to which Defendant has objected. Defendant ACC's Partial Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**. (Dkt. # 12.) The Motion is **GRANTED** as to Plaintiff's discrimination claims pertaining to the 2015 Sergeant position, 2020 Lieutenant position, and "steering away" from training allegations. The Motion is **GRANTED** as to Plaintiff's hostile work environment claim. The Motion is **DENIED** as to Hellman's retaliation claim. The Motion is **GRANTED** as to Plaintiff's discrimination claims arising from allegations occurring after May 2023, which are **DISMISSED** for failure to exhaust administrative remedies.

**IT IS SO ORDERED.**

**SIGNED**: Austin, Texas, February 18, 2025.

11

David Alan Ezra
Senior United States District Judge